CarutheRS, J.,
delivered the opinion of the Court.
This is an appeal from a decree of the Chancery Court at Tazewell, sustaining the demurrer of the defendant, to the complainant’s hill.
The - complainant is the holder of a note for $800, made by Eldridge Campbell to Andrew and Mary Don-nally, and by them assigned to him on 15th March, 1861. The note was made 10th Eebruary, 1851, and due 1st January, 1854. The consideration of the note was the interest of Mary Donnally and her son Andrew, in a tract of land descended to her from her father, Stephen Hopkins. The amount of this note was paid by the maker, under a decree of the Chancery Court at Rogersville, in favor of the Bank, to satisfy a debt due from Stephen Hopkins, Jr., and a perpetual injunction was decreed against the note. This complainant and the other heirs of Hopkins and Campbell were defendants in that suit, and all being non-residents, except the purchaser Campbell, were regularly proceeded against under the statutes on that subject, as we may suppose, as the decree is not impeached upon that ground.
The object of this bill is to be relieved against that decree, and allowed to collect the note. It does not *663 appear on the face of the bill when that decree was rendered.
This can only be regarded as a bill of review, for errors on the face of the decree, as it is not pretended that any new facts have been discovered, and as snch, is liable to several fatal objections.
The error complained of, as it seems to be shadowed forth in the bill, is, that Stephen Hopkins, Jr., the debtor of the bank, did not own the part of the land for which the note was given, but that the same was the consideration for the shares owned by Mrs. Don-nally and her son. That may be so, but how can we know it, as the decree as stated, finds the fact to be otherwise, and if it is not so, upon what principle can it be now corrected by those who were the parties, and as such, have had their day in Court to be heard, and failed ?
But independent of that, and even if a bill of review would lie in another Court, the bill is defective in not exhibiting the record, which it proposes to review, for the inspection of the Court. It will not do to call upon the other side to produce it; the complainant must make it a part of his case, and point out the errors.
If the decree assumes that the note of Campbell was given for the land of Stephen Hopkins, Jr., it would be correct in law, but if for that of the Donnallys, then it would be erroneous. In the first case, although the fact might be clearly otherwise, it could not be reached by bill of review. This shows the absolute necessity for the complainant to present a transcript of *664 the record as a part of his case, even if his hill could be filed in a different Court.
The limitation upon hills of review, is three years from the decree. There is no statement in this hill, or any record exhibited by which it can be seen that he is within the time allowed. This should he shown by him as a part of his case, in order to obtain a standing in Court.
But if these objections were removed, or did not exist in the case, the complainant would still fail, upon the ground that his hill is not filed in the proper Court. A bill to review a decree upon the records of the Rogersville Chancery Court, cannot be filed in the Chancery Court at Tazewell. It must be in the same Court, as we have before held in unreported cases. It would seem to be absurd to allow one Court of concurrent jurisdiction, to review the records and decrees of another, upon supposed errors of law. This would enable parties when dissatisfied with the opinion of one Chancellor, to try their chances before another upon the same questions, at any time within three years. Thus collisions between the different Chancery Courts would arise, and obstruct the administration of justice. Such a practice would be exceedingly expensive, inconvenient and harrassing. The reasoning in Deadrick vs. Smith, 6 Humph., 138, as to the evils of such a practice, is appropriate.
It is contended by defendant’s counsel, that this case falls under the 6th proviso to the 1st sec. of the act of 1787, ch. 22, Car. & Nich., 215. It is there pro vided, that non-residents who are made parties by publication, and against whom decrees have been rendered, *665 may appear at any time within three years, and hy petition have the case “reheard,” upon certain conditions, and in case of failure, to appear within that time, such decrees shall “stand absolutely confirmed.” It cannot be questioned, that this contemplates an appearance by peti tion in the same Court where the decree is enrolled, and no other. It would also be necessary under this act, to show in his petition, that he was in time, that is, within three years from the date, of the decree against him. This is probably a decisive ground upon which to place the case, if the other objection were out of the way, and is conclusive against the complainant, and sustains the judgment of the Court allowing the demurrer, and dismissing the bill.
Let the decree be affirmed.